**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

L.D.,

                              Plaintiff,

      v.

MURRAY SEYMOUR; CANTON CENTRAL
SCHOOL DISTRICT; ST. LAWRENCE
COUNTY DEPARTMENT OF SOCIAL
SERVICES,

                              Defendants.

No. 8:20-CV-1203
(MAD/CFH)

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Boies, Schiller & Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, New York 12207<br>Attorneys for plaintiff | JEFFREY S. SHELLY, ESQ. |
| Monroe Law LP<br>90 State Street, Ste. 700<br>Albany, New York 12207<br>Attorneys for plaintiff | THERESA MONROE, ESQ. |
| Fischer, Bessette Law Firm<br>P.O. Box 320<br>43 Golf Course Road<br>Malone, New York 12953<br>Attorneys for defendant Seymour | ROBERT R. LAWYER, ESQ. |
| Office of Frank W. Miller<br>6576 Kirkville Road<br>East Syracuse, New York 13057<br>Attorneys for defendant Canton<br>Central School District | FRANK W. MILLER, ESQ. |
| Hancock Estabrook, LLP<br>1800 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for defendant SLDSS | JOHN L. MURAD, JR., ESQ. |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

### I. Background

Presently before the Court is plaintiff L.D.'s motion to disqualify Hancock Estabrook as counsel for defendant St .Lawrence County Department of Social Services ("SLDSS").  See Dkt. No. 26.[1]  Defendant SLDSS opposed.  See Dkt. No. 36.  Plaintiff filed a reply.  See Dkt. No. 48.  The Court held oral argument on September 10, 2021.  See Text Min. Entry Dated Sept. 10, 2021. At this hearing, the Court directed counsel for SLDSS to provide the Court with an affidavit from Attorney Meagher and permitted plaintiff's counsel to submit additional documentation by way of billing invoices in support of her motion to disqualify. See id.[2]  On September 15, 2021, SLDSS submitted Walter L Meagher, Jr., Esq.'s declaration.  Dkt. No. 59.  On September 10, 2021, SLDSS sought leave to file supplemental declarations from attorneys Callahan and Hazelton.  See Dkt. No. 54.[3]  Plaintiff opposed the request to file supplemental declarations.  See Dkt. No. 57.  SLDSS responded.  See Dkt. No. 62.  The Court granted SLDSS's request to file supplemental declarations.  See Dkt. No. 61.[4]  For the reasons discussed herein, plaintiff's motion to disqualify counsel is denied.

---

[1]  Plaintiff also filed a motion for sanctions and civil contempt against Hancock Estabrook (dkt. no. 49), which the Court will separately address.
[2]  These billing invoices can be found at docket number 58.
[3]  Defendant Seymour expressed no objections to the motion to disqualify and motion to file supplemental declarations.  See Dkt. No. 56.
[4]  Supplemental declarations for Janet D. Callahan, Esq., and Lindsey Hazelton, Esq., can be found at dkt. no. 62-1.

2

## II.  Legal Standard

"It is well-established in the Second Circuit that a motion to disqualify one's former counsel is committed to the court's sound discretion."  Young v. Cent. Square Cent. Sch. Dist., 213 F. Supp. 2d 202, 215 (N.D.N.Y. 2002) (citing Marshall v. State of N.Y. Div. of State Police, 952 F. Supp. 103, 106 (N.D.N.Y. 1997)).  The Second Circuit holds that disqualification of counsel is "warranted" where:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client."

United States v. Prevezon Holdings Ltd., 839 F.3d 227 (2d Cir. 2016) (quoting Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983); *accord.* N.Y. Rules of Prof. Conduct 1.9(a).[5]

> This "high standard of proof on the part of one who seeks to disqualify his former counsel" is necessitated by "a client's right freely to choose his counsel—a right which of course must be balanced against the need to maintain the highest standards of the profession."  When deciding a motion for disqualification, the Court must resolve any doubts in favor of disqualification.

Arifi v. de Transp. du Cocher, Inc., 290 F. Supp. 2d 344, 349 (E.D.N.Y. 2003) (quoting Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir.1978) and citing Crudele v. New York City Police Dep't, 2001 WL 103359, at *2 (S.D.N.Y. Sept. 7, 2001)).  The movant's burden is high "[b]ecause disqualification motions can often be strategically motivated, create delay and additional expense, and

---

[5]  As plaintiff conceded during oral argument that the appropriate standard applied for disqualification of counsel in federal court is that set forth in Evans, the Court will not belabor the differences in application of the federal versus state standard, and will apply the Evans standard, as is proper.

interrupt attorney-client relationships . . . ." Streichert v. Town of Chester, No. 19-CV-7133 (KMK), 2021 WL 735475, at *5 (S.D.N.Y. Feb. 25, 2021); Evans, 715 F.2d at 791. "Accordingly, courts should take a 'restrained approach' to motions to disqualify and grant them only in limited circumstances." Smith v. Jaynes, No. 9:18-CV-1107 (DNH/DJS), 2019 WL 11727238, at *3 (N.D.N.Y. May 21, 2019) (quoting Bottaro v. Hatton Assoc., 680 F.2d 895, 896 (2d Cir. 1982)).

> The appearance of impropriety, standing alone, is insufficient to grant a motion to disqualify. United States Football League v. National Football League, 605 F.Supp. 1448, 1452 (S.D.N.Y.1985) . . . see Peacock Holdings, Inc. v. Massachusetts Mut. Life Ins. Co., 1996 WL 285435 *8 (E.D.N.Y.1996) (courts should be "quite hesitant" to disqualify on this ground) (citation omitted). Instead, the issue is whether there is a "real risk that the trial will be tainted." Id.; King, 2005 WL 741760 *8; In re Polaroid Erisa Litig., 354 F.Supp.2d 494, 497 (S.D.N.Y. 2005).

Hickman v. Burlington Bio-Med. Corp., 371 F. Supp. 2d 225, 229 (E.D.N.Y. 2005); see also Universal City Studios, Inc. v. Reimerdes, 98 F.Supp.2d 449, 455 (S.D.N.Y.2000) (denying motion to disqualify where the plaintiff failed to show that the law firm's conflict would adversely affect the plaintiff's interests).

> While the Second Circuit has observed that the "trial taint" test cannot "'correct all possible ethical conflicts,'" it has "also noted that this laudable goal cannot be attained through rulings in the course of litigation without inviting the wholesale filing of motions for tactical reasons." Bottaro, 680 F.2d at 896. Therefore, "[w]here a threat of tainting the trial does not exist . . . the litigation should proceed, the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar." [Id.]

Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC, No. 6:18-CV-1030 (DNH/DEP), 2018 WL 6074693, at *7 (N.D.N.Y. Nov. 21, 2018).

### III. Arguments

Plaintiff argues that Hancock Estabrook must be disqualified from representing SLDSS because the firm represented her during a matrimonial action in approximately 1997, during which time Hancock Estabrook "obtained privileged and confidential information" from plaintiff.  Dkt. No. 26 at 1.  Plaintiff contends that the information that Hancock Estabrook obtained during the earlier representation is relevant to the allegations underlying this lawsuit.  See Dkt. No. 27-2.  Plaintiff further argues that, despite the fact that over two decades have passed since the earlier action, her case would be memorable to the Hancock Estabrook attorneys due to its unique facts, as well as a dispute between plaintiff and the law firm over contingency fees resulting in "animosity."  Dkt. No. 26-1 at 4.

Additionally, plaintiff contends that Hancock Estabrook must be disqualified,[6] as there are attorneys presently employed with the firm who worked on her matrimonial case.  See Dkt. No. 27-2 at 11.  She argues that, even if the attorneys in the instant case did not work on her matrimonial case, the whole firm should be disqualified because the attorneys should be presumed to have access to confidential information obtained during the firm's original representation of plaintiff.  Id.  Plaintiff contends that this and gives defendant SLDSS an unfair advantage.  See Dkt. No. 26-1; 27-2 at 10.  Plaintiff contends that federal courts consider whether "'the attorney is at least potentially in a position to use privileged information concerning the other side through

---

[6] Plaintiff applies the incorrect standard of review for attorney disqualification in her motion.  See Dkt. No. 26-1 (applying standard set forth in Tekni-Plex, Inc. v. Meyner & Landis, 89 N.Y.2d 123 (1996), a New York State case). During the Court's September 2021 conference, plaintiff conceded that the proper standard of review for attorney disqualification in federal court is set forth in Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983), not Tekni-Plex.

5

prior representation . . . thus giving his present client an unfair advantage.'" Dkt. No. 26-1 at 8 (quoting Miness v. Ahuja, 762 F. Supp. 2d 465, 478-79 (E.D.N.Y. 2010)). Although plaintiff applies the New York State standard for disqualification of counsel she also contends that disqualification is warranted under the "second prong of the Federal test": that Hancock Estabrook's past and instant representations bear a substantial relationship to each other. Dkt. No. 26-1 at 7, 9. Additionally, plaintiff opines that even if the attorneys do not currently recall the confidential details of her matrimonial case, there is a risk that their memories may be "sparked" in the future. Dkt. No. 26-1 at 11-12. Finally, plaintiff also appears to argue that Hancock Estabrook's representation of SLDSS violates the New York Rules of Professional Conduct, specifically rules 1.6 ("Confidentiality of Information"), 1.9 ("Duties to Former Clients"), and 1.10 ("Imputation of Conflicts of Interest").[7] Dkt. No. 26-1 at 5-7.

During oral argument on the instant motion, plaintiff also asserted that Hancock Estabrook has demonstrated that they will use information obtained during their original representation to her detriment. Although perhaps more relevant to the motion for sanctions and contempt not instantly being reviewed by this Court, dkt. no. 49, plaintiff

---

[7] As this Court laid out in James E. Zalewski, Draftics, Ltd. V. Shelroc Homes, LLC, 1:11-CV-1158 (GLS/RFT), 2012 WL 280732, at *3 (N.D.N.Y. Jan. 13, 2021):

> [i]n deciding a motion to disqualify, courts often seek guidance from the American Bar Association (ABA) and state disciplinary rules, though "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132–33 (2d Cir.2005) (citing Bd. of Educ. v. Nyquist, 590 F.2d at 1246). We must always remember that the standard of professional conduct in federal courts is a matter of federal law. Shabbir v. Pakistan Int'l Airlines, 443 F.Supp.2d 299, 305 (E.D.N.Y.2005) (citing In re Snyder, 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power; the standards imposed are a matter of federal law."). Accordingly, federal courts are guided but not bound by the State's Code of Professional Conduct, and yet courts look to the Code, and in some instances even seek guidance from state common law, in determining disqualification motions.

6

contended that Hancock Estabrook improperly and deliberately placed confidential information on the public docket in violation of the Court's sealing order as part of their opposition to the motion to disqualify and refused to fully remove/redact the memorandum of law and exhibits until after plaintiff notified the Court.  Plaintiff argued that this conduct demonstrates that Hancock Estabrook will use knowledge from its earlier representation to harm plaintiff in this litigation.

Defendant SLDSS argues that disqualification is not warranted under Evans.  See Dkt. No. 26-9 at 9.  SLDSS contends that the attorneys in the instant case, Mr. Murad and Ms. Juliano, did not represent plaintiff in her matrimonial action, see id. at 11, and that disqualification under Evans is met "only where the attorney who is sought to be disqualified is the same attorney [who] previously represent[ed] the party [seeking disqualification]."  Dkt. No. 36-9 (citing Edwards v. Gould Paper Corp. Long Term Disability Plan, 352 F. Supp. 2d 376, 380 (E.D.N.Y. 2005) (and others)).  Further, to the extent that there are attorneys currently employed with Hancock Estabrook who worked on the matrimonial case, albeit not appearing in this case, SLDSS argues that it does not warrant disqualification of the firm as they have little to no memory of the case.  See Dkt. No. 36-9 at 21-22.  Hancock Estabrook also contends that it purged plaintiff's matrimonial files in 2009, and the only files that remain in its possession relate to a tangential collections action.  See id. at 22.

Next, SLDSS argues that the instant case and plaintiff's matrimonial action are not substantially related under Evans even though some "factual matter overlap[s]".  Dkt. No. 36-9 at 12.  SLDSS asserts that the "principal factual and legal issues in this case are whether SLDSS had notice of the sexual assault, whether it had a duty to L.D.

7

to investigate, and whether it met its duty to investigate and/or prevent the sexual assault from continuing"; thus, "whether the sexual assault occurred, and the circumstances of the sexual assault are not at issue." Dkt. No. 36-9 at 13-14. In reply, plaintiff largely reiterates arguments made in her motion to disqualify. See Dkt. No. 48.[8]

### IV. Analysis

Plaintiff argues that, because attorneys employed at Hancock Estabrook who represented her in the matrimonial litigation – specifically Meagher, Hazelton, and Callahan – would be conflicted had they appeared in this case, such conflict should be imputed to SLDSS's attorneys of record. See generally Dkt. No. 26-1. In response, SLDSS asserts that conflicts are specific to attorneys. See Dkt. No. 36-9 at 11-12. During oral argument, Hancock Estabrook contended they could establish a "Chinese wall" such that the attorneys in this case would not have access to any information from the matrimonial litigation. See Dkt. No. 54 at 1. Plaintiff contends that (1) because defendants "chose not to erect a Chinese wall" as soon as plaintiff raised her conflict-of-interest argument nor make such an argument in its brief, (2) "creating a 'Chinese wall' a year after the case began is like closing a barn door after the horses have escaped[,]" and (3) the Chinese wall suggestion "is in no way justified by the fact that Plaintiff L.D. is

---

[8] Plaintiff also takes issue with the fact that attorney Meagher, who she contends "worked extensively on L.D.'s cases and was one of the initiating attorneys who brought her to the firm, did not submit an affidavit discussing her memory of the matrimonial case, arguing that he "no doubt . . . would admit to having much clearer and copious memories since he was one of the lead attorneys on L.D.'s cases" and "still comes into the office" even if not "regularly" and unpaid "Can be presumed to have a conflict of interest." Id. at 2. However, Hancock Estabrook since submitted an affidavit from Mr. Meagher who denied "recollection of participating in the representation of L.D. at any time." Dkt. No. 59 ¶4.

8

producing billing records that merely confirm that Hazelton and Carrolton[9] worked on L.D.'s case" as such billing records are not "a surprise" to Hancock Estabrook.  Dkt. No. 57 at 1.

First, the Court finds that plaintiff has not met her burden of demonstrating that there is a "substantial relationship" between the subject matter of Hancock's prior representation of plaintiff and the issues in the instant case.  Although plaintiff contends that she revealed to her attorneys confidential information relevant to sexual assault by her ex-husband, sexual assault by defendant Seymour, and her overall mental health during Hancock Estabrook's original representation, the Court agrees with SLDSS that the relevant question in this case is not whether defendant Seymour sexually assaulted plaintiff, rather whether SLDSS was negligent in its investigation or failure to investigate Seymour's alleged sexual assault of plaintiff and whether it breached its duty to plaintiff to prevent the sexual assault's occurrence.  See Dkt. No. 36-9 at 13.  That plaintiff discussed her mental health or then state of mind with her attorneys as it relates to sexual assault by her ex-husband and defendant Seymour does not require the Court to reach a different result because that question is not squarely at issue in this litigation.  The Court agrees with SLDSS that it is significant that plaintiff does not contend that she discussed with Hancock Estabrook attorneys to any degree of significance SLDSS's involvement with the alleged Seymour sexual assault or any specifics of relevance to the legal issues in this case.  Id. at 14.  It is well settled that "[t]he substantial relationship test is met only upon a showing that the relationship between

---

[9] At one point, plaintiff also refers to an attorney named "Carrolton."  However, the Court can find no further discussion of Carrolton and believes this to be a typographical error.  It is the Court's understanding that plaintiff intended to refer to attorney Callahan.

the prior and current representation is 'patently clear,' in other words, when the issues for which the initial and subsequent representation was provided are identical." Pacheco Ross Architects, P.C. v. Mitchell Assocs. Architects, No. CIV. 1:08-CV-466, 2009 WL 1514482, at *4 (N.D.N.Y. May 29, 2009) (quoting Gov't of India, 569 F.2d at 739).  Given that the confidential information plaintiff revealed during Hancock Estabrook's initial representation is not of relevance to the case before the Court, despite some factual overlap between the two cases, the Court concludes that there has not been a showing that the prior and instant representation are "identical" or that the relationship between the two representations is "patently clear."  Id.

Similarly, addressing whether Hancock Estabrook's attorneys "likely had access to 'relevant privileged information,' during the course of the prior representation, Shabbir v. Pakistan Intern. Airlines, 443 F. Supp. 2d 299 (E.D.N.Y. 2005) (quoting Ives v. Gilford Mills, Inc., 3 F. Supp. 2d 191, 202 (N.D.N.Y. 1998), for the reasons discussed above, the Court first finds although attorney Meagher likely obtained privileged information during his representation of plaintiff during the matrimonial litigation, there has been no demonstration that he had access to <u>relevant</u> privileged information. Second, as will be discussed in further detail below, attorney Meagher has indicated that he has no memory of his representation of plaintiff over twenty-four years ago, nor do attorneys Callahan and Hazelton.  Although an attorney's memory of the representation is not dispositive on the question of whether disqualification is warranted, because the Court finds that it is not likely that any of these attorneys had access to <u>relevant</u> privileged information, there is no substantial relationship between the subject matter of the matrimonial litigation and the questions at issue in the instant case.  Further, none of

these attorneys have appeared in this case, and the attorneys of record in this case did not work on plaintiff's matrimonial action in any way.

Insofar as plaintiff argues that Meagher, Hazelton, and Callahan's conflict of interest should be imputed to other attorneys at the firm, specifically those attorneys who have appeared in this case, the Court disagrees. "'An attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences.'" Brown v. City of Syracuse, No. 5:11-CV-668 (FJS/ATB), 2013 WL 2445050, at *3 (N.D.N.Y. June 4, 2013) (quoting Hempstead Video, 409 F.3d at 133 and citing N.Y. Rule of Prof. Conduct 1.10(a)).  However, this is a rebuttable presumption where a law firm has shown they have implemented "effective screening measures to prevent a disqualified attorney from disseminating client confidences." Id. (citing Cheng v. GAF Corp., 631 F.2d 1052, 1058 (2d Cir. 1980).  SLDSS has rebutted this presumption.

Here, the main attorney plaintiff alleges to have been involved in her matrimonial case is attorney Meagher.  See Dkt. No. 26-1 at 11. Through both counsel and Meagher's declarations it has been established that Meagher has no independent recollection of plaintiff's matrimonial case and is not actively involved at the firm. Despite being listed on the firm's website, he has affirmed that he does not receive a salary, has no clients, and merely visits the office.  See Dkt. No. 59.  Similarly, attorneys Hazelton and Callahan have submitted declarations stating that they have no recollection of working on the case and either limited superficial memory or no memory of the case at all.  See Dkt. No. 62-1.  Although billing records confirm that Hazelton and Callahan worked on plaintiff's matrimonial case, they also demonstrate that their roles

11

were limited. Hazelton billed a total of 10.75 hours and Callahan a total of 14 hours. See Dkt. No. 58-3. Although the billing records show what appears to be more extensive involvement from Meagher,[10] despite the "presumption of shared confidences," the Court is fully satisfied that Meagher has no current involvement in the legal activities of Hancock Estabrook and has and can be effectively walled off from this case. Thus, even if Meagher would be disqualified from appearing the instant case, his conflict is not imputed to the remainder of the firm as there no reasonable risk that plaintiff's confidences have or would be shared. As for attorneys Hazelton and Callahan, as they have sworn that they have no independent recollection beyond a very general overview of the case – and the "Court finds no reason to doubt the sincerity and truth of this affirmation," Brown, 2013 WL 24405050, at *3 – the Court determines that Hazelton and Callahan's minimal work on plaintiff's matrimonial litigation is not imputed to the remainder of the law firm. Accordingly, Meagher, Callahan, and Hazelton's involvement with plaintiff's matrimonial case does not require Hancock Estabrook's disqualification in this case.

In so concluding, the Court notes that it finds significant that plaintiff's matrimonial litigation took place in 1997, twenty-five years ago. Although "temporal distance alone may not suffice to defeat a motion to disqualify, certainly it has some bearing on whether counsel was likely to have obtained relevant confidential information during the course of the prior representation that affects current litigation." Hickman v. Burlington Bio-Med. Corp., 371 F. Supp. 2d 225, 231 (E.D.N.Y. 2005) (quoting Wieme

---

[10] The billing records do not include hours for Meagher, rather billing hours for "C. Granger" wherein notes indicate the attorney's 'office conference[s]' with Meagher. See Dkt. No. 58-2. Thus, the Court cannot fully assess the significance of Meagher's involvement. However, the Court takes note of the involvement provided.

v. Eastman Kodak Co., 02-CV-60211, 2004 WL 2271402, at *6 (W.D.N.Y. Sept. 7, 2004)). Even if the passing twenty-five years does not suffice to guarantee that the attorneys involved in the matrimonial litigation cannot divulge client confidences, as has been discussed in detail, the attorneys involved in the original matrimonial action have demonstrated to the Court's satisfaction that they do not have confidential information to divulge. In her reply, plaintiff states, "Callahan and Hazelton deny any memory of working on L.D.'s cases but remember certain acts about L.D. and her claims in the matters handled by Hancock and Callahan and Hazelton purport to set forth those facts they recall in their affidavits." Dkt. No. 48 at 2. The Court has carefully assessed Hazelton and Callahan's declarations and finds nothing that suggests that these attorneys have retained confidential information stemming from Hancock Estabrook's earlier representation of plaintiff. See Dkt. Nos. 36-7, 62. That attorney Callahan recalls the name of the Hancock Estabrook attorney who handled the matrimonial case, the name of the judge to whom the case was assigned, and a couple of non-confidential "memorable" details about plaintiff's matrimonial case – details which are publicly available and do not directly relate to this underlying action – does not indicate to this Court that there is any risk that Callahan will divulge client confidences. Id. Similarly, attorney Hazelton indicates she has no recollection of plaintiff's matrimonial action at all. See Dkt. Nos. 36-6, 62-1. Both attorneys have sworn that they will not discuss the case with the attorneys of record in, and this Court will also order as such. See Dkt. Nos. 62, 62-1.

Next, plaintiff argues that, even if the attorneys of record do not recall confidential information relating to plaintiff's matrimonial action, they are presumed to have access

13

to such information; thus, disqualification is warranted.  See Dkt. No. 26-1 at 10. Hancock Estabrook argues that it purged all files relating to the matrimonial litigation in 2009, excepting unrelated collections documents, dkt. no. 36-9 at 7, but plaintiff contends that the firm has offered no evidence that destruction of these files occurred. See Dkt. No. 26-1 at 10.  Plaintiff further argues that destruction of files alone does not suffice to eliminate a conflict and suggests that Hancock Estabrook as the ability to obtain these files.  See id. at 3, 10.

During oral argument, plaintiff opined that Hancock Estabrook, through the filing of their opposition this motion and related attachments without full redactions, has already proven that it will use confidential information obtained from its prior representation to plaintiff's detriment and will intentionally disclose client confidences. Although this Court will not be addressing the substance of plaintiff's motion for sanctions and contempt at this time, insofar as this argument is relevant to this motion only, the Court wishes to make clear that it disagrees with plaintiff on this ground.  It does not find that SLDSS's conduct of posting to the public docket opposition that contained publicly-available newspaper articles establishes that SLDSS and its counsel intentionally will use confidential information obtained from her prior representation against her.

To the extent that plaintiff expresses concern about the success of implementation of a "Chinese wall" or an absence of assurance that a "Chinese wall" was implemented from the moment plaintiff alerted defendant SLDSS to her concern regarding a conflict of interest, the Court finds sufficient the attorney declarations which state that the attorneys have minimal to no recollection as to the details of plaintiff's

14

matrimonial case. See Dkt. Nos. 59, 62-1. As the Court accepts these declarations, the Court cannot see how attorneys Meagher, Callahan, and Hazelton, who all declared that they had little to no recollection of working on the matrimonial case, let alone any confidential information about the case, could have shared client confidences with attorneys of record. The Court also finds sufficient Hancock Estabrook's statement that it will ensure that the attorneys of record will not have access to any material from the matrimonial case going forward as sufficient assurance that Hancock Estabrook can and will take measures to prevent any divulgence of client confidences.

To further ally any future concerns of plaintiff's[11] regarding the divulgence of client confidences, the Court directs that attorneys who have appeared in this case, attorneys Murad, Aliasso, and Juliano, shall not discuss anything about plaintiff's prior matrimonial litigation and representation with attorneys Meagher, Callahan, or Hazelton; review, obtain, or seek to obtain any files or documents relating to the matrimonial litigation; nor shall Meagher, Callahan, or Hazelton have any involvement in the litigation of the case presently before the Court.

Insofar as plaintiff expresses concern that Hancock Estabrook, as attorneys of record, could request her sealed matrimonial files from the clerk's office, although the Court has serious doubt that Hancock Estabrook would take such a step, the Court will bar Hancock Estabrook from requesting access to plaintiff's matrimonial files in relation to their representation of defendant SLDSS in this case, and require that Hancock

---

[11] Plaintiff expresses concern that "[m]emories can be sparked by various stimuli," suggesting that attorneys involved in the matrimonial litigation may recall confidential information from their representation at a later date. Dkt. No. 26-1 at 12. However, given the Court's order that the attorneys who were involved with plaintiff's matrimonial case not communicate with the attorneys of record in this case about any matter relating to the matrimonial action, the Court finds that this suffices to address any future risk of divulgence of client confidences.

Estabrook seek advanced Court permission should any matrimonial files be needed for any reason during the pendency of SLDSS's representation.

### V. Conclusion

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to disqualify Hancock Estabrook is **DENIED** (Dkt. No. 26); and it is further

**ORDERED**, that (1) Hancock Estabrook attorneys who have appeared in this case or who may appear in the future, are prohibited from discussing plaintiff's prior litigation with attorneys Meagher, Hazelton, and Callahan or seeking to review or obtain files and documents relevant to the prior litigation, and (2) attorneys Meagher, Hazelton, and Callahan are prohibited from working on the instant case in any way; and it is further

**ORDERED**, that should Hancock Estabrook need to obtain files not currently in its possession relating to its prior representation of plaintiff during the pendency of this action, Hancock Estabrook must first seek permission of this Court; and it is

**ORDERED**, that the Clerk of the Court serve this Memorandum-Decision & Order on parties in accordance with the Court's Local Rules.

**IT IS SO ORDERED**.

Dated: January 3, 2022
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge